**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 97-4245

GEORGE F. FENDERSON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-93-19-H)

Submitted: February 27, 1998

Decided: April 29, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert J. McAfee, CHARLES K. MCCOTTER, JR., ATTORNEYS
AT LAW, New Bern, North Carolina, for Appellant. Janice McKen-
zie Cole, United States Attorney, Anne M. Hayes, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George F. Fenderson, Jr., appeals from the district court's order revoking supervised release and imposing a twenty-four month prison term. Specifically, Fenderson claims that the district court failed to recognize the advisory nature of the policy statements of Chapter 7 of the U.S. Sentencing Guidelines Manual (1995) when imposing his sentence. We find no merit to Fenderson's claim. Consequently, we affirm.

After pleading guilty to conspiracy to receive and possess stolen money orders, in violation of 18 U.S.C. § 371 (1994), the United States District Court for the Eastern District of North Carolina sentenced Fenderson to twenty-one months in prison, followed by three years of supervised release. While he was serving his term of supervised release, Fenderson was charged with violating the conditions of supervised release in several ways, including receiving two drug trafficking convictions.

Fenderson admitted to all the violations of supervised release. Pursuant to the policy statements in Chapter 7 of the United States Sentencing Guidelines, Fenderson's guideline range was twenty-four months, see USSG § 7B1.4, p.s., which also was the statutory maximum. See 18 U.S.C. § 3583(e) (1994). The court sentenced him to twenty-four months in prison.

The policy statements on the revocation of supervised release found in Chapter 7 are not binding on the courts, but rather are advisory in nature. See United States v. Davis, 53 F.3d 638, 640 (4th Cir. 1995). During the supervised release revocation hearing, defense counsel specifically reminded the court of the advisory nature of the policy statements and the court did not dispute this fact. The court expressed dismay at Fenderson's repeated violations while he was on

2

supervised release and commented on his inability to follow the law. It is clear from the sentencing transcript that the judge knew that the policy statements were advisory, but chose to impose the maximum sentence based on Fenderson's particular record.

For these reasons, we affirm Fenderson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3